# E-FILING

1  Joseph P. Russionello
   United States Attorney
2  450 Golden Gate Ave (11th Floor)
   San Francisco, CA 94102
3  Telephone: (415) 436-7200

**FILED**

JUL 1 5 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

4  Attorneys for the United States

5                    UNITED STATES DISTRICT COURT

6                   NORTHERN DISTRICT OF CALIFORNIA

7                          SAN JOSE DIVISION

8  UNITED STATES OF AMERICA,          )    CRIMINAL NO. 08 mj 70437 - HRL
9              Plaintiff,             )
                                      )    NOTICE OF PROCEEDINGS ON
10     v.                             )    OUT-OF-DISTRICT CRIMINAL
                                      )    CHARGES PURSUANT TO RULES
11 Reynaldo W. Sotelo                 )    5(c)(2) AND (3) OF THE FEDERAL RULES
                                      )    OF CRIMINAL PROCEDURE
12             Defendant.             )
                                      )
13 _____   )
                                      )
14

15     Please take notice pursuant to Rules 5(c)(2) and (3) of the Federal Rules of Criminal

16 Procedure that on  7/15/08 , the above-named defendant was arrested  based upon an

   arrest warrant (copy attached) issued upon an
17
       ☑ Indictment     ☐ Information     ☐ Criminal Complaint     ☐ Other_____
18
   pending in the  Eastern  District of  California Case Number 08 CR 00226
19
       In that case, the defendant is charged with a violation(s) of Title(s) ____ United States Code,
20
   Section(s) ____ .
21
   Description of Charges: _____ .
22

23                                    Respectfully Submitted,
                                      Joseph P. Russionello
24                                    UNITED STATES ATTORNEY
25 Date: ___7-15-08___
26                                    _____
                                      Assistant U.S. Attorney
27

28

1

1   McGREGOR W. SCOTT
    United States Attorney
2   MARK E. CULLERS
    LAUREL J. MONTOYA
3   Assistant U.S. Attorneys
    4401 Federal Building
4   2500 Tulare Street
    Fresno, CA 93721
5   Telephone: (559)497-4000



FILED

JUL 1 1 2008

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY C.ESTEVES
                    DEPUTY CLERK

SEALED

6

7

8               IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10                              1:08 CR  0 0 2 2 4 LJO

11  UNITED STATES OF AMERICA,      )  CASE NO.
                                   )
12                  Plaintiff,     )  VIOLATIONS: 18 U.S.C. §§ 1962
                                   )  and 2 - Racketeering;
13  v.                             )  18 U.S.C. § 1962(d) -
                                   )  Racketeering Conspiracy;
14  ROBERT C. HOLLOWAY,            )  18 U.S.C. § 1512(b)(3) -
    BRENT F. HOLLOWAY,             )  Witness Tampering;
15  ALFREDO F. RINCON,             )  18 U.S.C. § 373 - Solicitation
    MICHAEL J. OROZCO,             )  to Commit a Crime of Violence
16  JOSEPH S. TYLER,               )  (Two Counts);
    REYNALDO W. SOTELO,            )  18 U.S.C. § 892 - Making
17  FREDRICK A. NOREBERG, and      )  Extortionate Extensions of
    RAY M. HEFFINGTON,             )  Credit (Two Counts);
18                                 )  18 U.S.C. §§371 and 894 -
                                   )  Conspiracy to Collect
19                  Defendants.    )  Extensions of Credit By
                                   )  Extortionate Means (Three
20                                 )  Counts);
                                   )  18 U.S.C. § 371 - Conspiracy
21                                 )  (Three Counts);
                                   )  18 U.S.C. § 2322 - Operation of
22                                 )  a Chop Shop and
                                   )  18 U.S.C. 1963, 18 U.S.C.
23                                 )  §981(a)(1)(C) and 28 U.S.C.
                                   )  2461 - Criminal Forfeiture
24  _____)

25                    I N D I C T M E N T

26

27

28

                              1

1   COUNT ONE: [18 U.S.C. §§ 1962 and 2 - Racketeering]

2        The Grand Jury charges:

3                         ROBERT C. HOLLOWAY, and
                          BRENT F. HOLLOWAY,

4

5   defendants herein, as follows:

6                           THE ENTERPRISE

7        1.  At all times material to this Indictment, the above-named

8   defendants, and others known and unknown to the grand jury, were

9   owners and employees of ROAD DOG CYCLE, whose owners and employees

10  engaged in acts of violence, including extortion, along with acts of

11  trafficking in stolen motor vehicle parts, and which operated

12  principally in the County of Stanislaus, Eastern District of

13  California.

14       2.  At all times material to this Indictment, ROAD DOG CYCLE,

15  located at 4600 Main Street, Denair, California, was a business and

16  legal entity engaged in the purchase and sale of new and used

17  motorcycles and motorcycle parts, and constituted an "enterprise" as

18  defined in Title 18, United States Code, Section 1961(4) (hereinafter

19  "the enterprise"), namely a legal entity which was engaged in, and

20  whose activities affected, interstate commerce.  ROAD DOG CYCLE also

21  operated as a motorcycle repair facility.  ROAD DOG CYCLE was also a

22  gathering place and a commercial supplier for various outlaw

23  motorcycle clubs, including, but not limited to, the Hells Angels,

24  the Jus Brothers, the Alky Haulers and the East Bay Dragons.  At all

25  times material to this Indictment, illegal operations were being

26  conducted at and through ROAD DOG CYCLE, including, but not limited

27  to, chop shop operations, the purchase and sale of stolen motorcycle

28

                                    2

1  parts, the exportation of stolen motorcycles and motorcycle parts,
2  and extortionate credit transactions.
3       3.  At all times material to this Indictment, defendant ROBERT
4  C. HOLLOWAY of Turlock, California, was a co-owner of ROAD DOG CYCLE.
5  As a co-owner of ROAD DOG CYCLE, ROBERT C. HOLLOWAY was the
6  commercial supplier to, and protected from law enforcement, various
7  outlaw motorcycle clubs, including, but not limited to, the Hells
8  Angels, the Jus Brothers, the Alky Haulers and the East Bay Dragons.
9  At all relevant times, defendant ROBERT C. HOLLOWAY was a member of
10 the enterprise and engaged in acts including, but not limited to,
11 operation of a chop shop, trafficking in stolen motorcycle parts, the
12 purchase and sale of stolen motorcycle parts, the exportation of
13 stolen motorcycles and motorcycle parts, and extortionate credit
14 transactions.
15      4.  At all times material to this Indictment, defendant BRENT F.
16 HOLLOWAY of Turlock, California, was a co-owner of ROAD DOG CYCLE.
17 At all relevant times, defendant BRENT F. HOLLOWAY was a member of
18 the enterprise and engaged in acts including, but not limited to,
19 operation of a chop shop, trafficking in stolen motorcycle parts, the
20 purchase and sale of stolen motorcycle parts, the exportation of
21 stolen motorcycles and motorcycle parts, and extortionate credit
22 transactions.
23                        Purposes of the Defendants
24      The purposes of the defendants included the following:
25      5.  Enriching the members and associates of the enterprise
26 through, among other things, the trafficking in stolen motorcycle
27 parts, the purchase and sale of stolen motorcycles and motorcycle
28

parts, the exportation of stolen motorcycles and motorcycle parts, extortionate credit transactions and chop shop activity.

6. Preserving and protecting the power, territory and profits of the enterprise through the use of intimidation, threats of violence, violence and assaults.

7. Promoting and enhancing the enterprise and its members' and associates' activities.

8. Keeping victims in fear of the enterprise and in fear of its members and associates through threats of violence and violence.

<u>Means and Methods of the Defendants</u>

9. Among the means and methods by which the defendants and their associates conducted and participated in the conduct of the affairs of the enterprise were the following:

a. Members of the enterprise and their associates used, attempted to use, and conspired to use extortion, which affected interstate commerce.

b. Members of the enterprise and their associates committed, attempted and threatened to commit acts of violence, including robbery and extortion, to protect and expand the enterprise's criminal operations.

c. Members of the enterprise and their associates promoted a climate of fear through violence and threats of violence.

d. Members of the enterprise and their associates used and threatened to use physical violence against various individuals.

e. Members of the enterprise and their associates utilized sources within the law enforcement community to aid in the concealment of the enterprise's operations and to protect the enterprise's criminal operations.

4

1

The Racketeering Violation

2          10.  Beginning at a time unknown to the grand jury but no later

3    than on or about January 1, 1997, and continuing to on or about March

4    1, 2008, in the Eastern District of California, and elsewhere,

5    defendants ROBERT C. HOLLOWAY, BRENT F. HOLLOWAY, and others both

6    known and unknown to the grand jury, being persons employed by and

7    associated with the enterprise described in paragraphs 1 through 9 of

8    this Count, which enterprise was engaged in, and the activities of

9    which affected, interstate commerce, unlawfully and knowingly

10   conducted and participated, directly and indirectly, in the conduct

11   of the affairs of the enterprise through a pattern of racketeering

12   activity, that is, through the commission of Racketeering Acts One

13   through Seven as set forth in paragraphs 11 through 18 below.

14                  The Pattern of Racketeering Activity

15         11.  The pattern of racketeering activity, as defined in Title

16   18, United States Code, Section 1961(1) and (5), consisted of the

17   following acts:

18   Racketeering Act One - Trafficking in Certain Motor Vehicle Parts

19         12.  Beginning on or about August 3, 2006 and continuing to on

20   or about December 4, 2007, within the Eastern District of California,

21   and elsewhere, defendants ROBERT C. HOLLOWAY, BRENT F. HOLLOWAY, and

22   others both known and unknown to the grand jury, did buy, receive,

23   possess, and obtain control of, with the intent to sell or otherwise

24   dispose of, a motor vehicle or motor vehicle part, that is, a Harley-

25   Davidson motorcycle, vehicle identification number (VIN)

26   1HD1FSW385Y622885, knowing that an identification number for such

27   motor vehicle or part had been removed, obliterated, tampered with,

28

5

1    or altered, in violation of Title 18, United States Code, Sections
2    2321 and 2.
3        Racketeering Act Two - Trafficking in Certain Motor Vehicle Parts
4        13. Between on or about September 21, 2007 and continuing to on
5    or about November 2, 2007, within the Eastern District of California,
6    and elsewhere, defendant ROBERT C. HOLLOWAY, and others both known
7    and unknown to the grand jury, did buy, receive, possess, and obtain
8    control of, with the intent to sell or otherwise dispose of, a motor
9    vehicle or motor vehicle part, that is, a motorcycle, knowing that an
10   identification number for such motor vehicle or part had been
11   removed, obliterated, tampered with, or altered, in violation of
12   Title 18, United States Code, Sections 2321 and 2.
13   Racketeering Act Three - Making Extortionate Extensions of Credit and
         Collection of Extension of Credit By Extortionate Means
14
15       14. Defendant ROBERT C. HOLLOWAY committed the following Acts,
16   any one of which alone constitutes Racketeering Act Three:
17           a. Beginning on or about August 1, 2007, and continuing to
18   on or about December 11, 2007, in the Eastern District of California,
19   and elsewhere, defendant ROBERT C. HOLLOWAY did unlawfully extend
20   credit within the meaning of Title 18, United States Code, section
21   891(6) to Josh Bell, in the amount of approximately $5,000.00, with
22   respect to which extension of credit it was the understanding of said
23   defendant-creditor and of said debtor that delay in making repayment
24   or failure to make repayment could result in the use of violence or
25   other criminal means to cause harm to the person, reputation or
26   property of said debtor, all in violation of Title 18, United States
27   Code, sections 892 and 2.
28

1           b.    Beginning on or about October 10, 2007, and continuing

2    to on or about December 17, 2007, in the Eastern District of

3    California, and elsewhere, defendant ROBERT C. HOLLOWAY, and others

4    known and unknown to the grand jury, did participate in the use of

5    extortionate means within the meaning of Title 18, United States

6    Code, section 891(7), to collect and attempt to collect an extension

7    of credit and to punish a person for the non-repayment of an

8    extension of credit, that is, defendant ROBERT C. HOLLOWAY, and

9    others both known and unknown to the grand jury, did unlawfully and

10   knowingly, expressly and implicitly threaten the use of violence and

11   other criminal means to cause harm to the person, reputation, and

12   property of said debtor Josh Bell, and conspired to do so, in order

13   to collect and attempt to collect an extension of credit within the

14   meaning of Title 18, United States Code, section 891, from the said

15   debtor and to punish said debtor for the non-repayment thereof, all

16   in violation of Title 18, United States Code, sections 894(a)(1) and

17   (2) and 2.

18            <u>Racketeering Act Four - Witness Tampering</u>

19       19.    On or about December 17, 2007, in the Eastern District of

20   California, defendant ROBERT C. HOLLOWAY knowingly corruptly

21   persuaded, and attempted to do so, another person, with intent to

22   hinder, delay or prevent the communication to a law enforcement

23   officer information relating to the commission or possible commission

24   of a Federal offense, in violation of Title 18, United States Code,

25   section 1512(b)(3).

26   ///

27   ///

28   ///

7

1

## Racketeering Act Five - Collection of Extension of Credit By Extortionate Means

2

3      16.  Beginning on or about October 5, 2007, and continuing to on

4   or about November 20, 2007, in the Eastern District of California,

5   and elsewhere, defendants ROBERT C. HOLLOWAY, BRENT F. HOLLOWAY, and

6   others known and unknown to the grand jury, did participate in the

7   use of extortionate means within the meaning of Title 18, United

8   States Code, section 891(7), to collect and attempt to collect an

9   extension of credit and to punish a person for the non-repayment of

10  an extension of credit, that is, defendants ROBERT C. HOLLOWAY, BRENT

11  F. HOLLOWAY, and others both known and unknown to the grand jury, did

12  unlawfully and knowingly, expressly and implicitly threaten the use

13  of violence and other criminal means to cause harm to the person,

14  reputation, and property of said debtor Carl Ellis, and conspired to

15  do so, in order to collect and attempt to collect an extension of

16  credit within the meaning of Title 18, United States Code, section

17  891, from the said debtor and to punish said debtor for the non-

18  repayment thereof, all in violation of Title 18, United States Code,

19  sections 894(a)(1) and (2) and 2.

20     ## Racketeering Act Six - Collection of Extension of Credit By Extortionate Means

21

22     17.  Beginning on or about July 1, 2007, and continuing to on or

23  about December 17, 2007, in the Eastern District of California, and

24  elsewhere, defendant ROBERT C. HOLLOWAY, and others known and unknown

25  to the grand jury, did participate in the use of extortionate means

26  within the meaning of Title 18, United States Code, section 891(7),

27  to collect and attempt to collect an extension of credit and to

28  punish a person for the non-repayment of an extension of credit, that

8

1   is, defendant ROBERT C. HOLLOWAY, and others both known and unknown

2   to the grand jury, did unlawfully and knowingly, expressly and

3   implicitly threaten the use of violence and other criminal means to

4   cause harm to the person, reputation, and property of said debtor

5   Darnell Levingston, in order to collect and attempt to collect an

6   extension of credit within the meaning of Title 18, United States

7   Code, section 891, from the said debtor and to punish said debtor for

8   the non-repayment thereof, all in violation of Title 18, United

9   States Code, sections 894(a)(1) and (2) and 2.

10  COUNT TWO [18 U.S.C. § 1962(d) - Racketeering Conspiracy]

11       The Grand Jury charges:

12                      ROBERT C. HOLLOWAY, and
                        BRENT F. HOLLOWAY,
13

14  defendants herein, as follows:

15       18.  The allegations contained in paragraphs 1 through 9 of

16  Count One are hereby realleged and incorporated by reference as if

17  fully set forth herein.

18                 A. THE RACKETEERING CONSPIRACY

19       19.  Beginning at a time unknown but no later than on or about

20  January 1, 1997 and continuing to on or about March 1, 2008, in the

21  Eastern District of California, and elsewhere, defendants ROBERT C.

22  HOLLOWAY and BRENT F. HOLLOWAY, together with other persons known and

23  unknown to the grand jury, being persons employed by and associated

24  with the enterprise as described above, which enterprise engaged in

25  and the activities of which affected interstate commerce, knowingly

26  and intentionally conspired to violate Title 18, United States Code,

27  Section 1962(c), that is, to conduct and participate, directly and

28  indirectly, in the conduct of the affairs of that enterprise through

                                    9

a pattern of racketeering activity, as that term is defined by Title 18, United States Code, Sections 1961(1) and (5), consisting of multiple acts indictable under the following provisions of federal law:

    a.   Title 18, United States Code, section 2321 (trafficking in certain motor vehicles and motor vehicle parts);

    b.   Title 18, United States Code, section 892 (making extortionate extensions of credit); and

    c.   Title 18, United States Code, section 894 (collection of extensions of credit by extortionate means).

20. It was a further part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering in the conduct of the affairs of the enterprise.

All in violation of Title 18, United States Code, Section 1962(d).

COUNT THREE: [18 U.S.C. § 1512(b)(3) - Witness Tampering]

The Grand Jury further charges:

                ROBERT C. HOLLOWAY,

defendants herein, as follows:

21. The allegations contained in paragraphs 1 through 9 of Count One are hereby realleged and incorporated by reference as if fully set forth herein.

22. On or about December 17, 2007, in the Eastern District of California, defendant ROBERT C. HOLLOWAY knowingly corruptly persuaded, and attempted to do so, another person, with intent to hinder, delay or prevent the communication to a law enforcement officer information relating to the commission or possible commission

1   of a Federal offense, in violation of Title 18, United States Code,

2   section 1512(b)(3).

3   COUNT FOUR:    [18 U.S.C. § 373 - Solicitation to Commit a Crime of
                        Violence]

4

5       The Grand Jury further charges:

6                       ROBERT C. HOLLOWAY,

7   defendant herein, as follows:

8       23.  Paragraphs 1 through 9 of Count One are hereby realleged

9   and incorporated as if fully set forth herein.

10      24.  On or about May 17, 2007, in the Eastern District of

11  California, defendant ROBERT C. HOLLOWAY, with the intent that

12  another person engage in conduct constituting a felony that has as an

13  element the use, attempted use, or threatened use of physical force

14  against the property or against the person of another in violation of

15  the laws of the United States, to wit, the collection of an extension

16  of credit by extortionate means, in violation of Title 18, United

17  States Code, section 894, and under circumstances strongly

18  corroborative of that intent, solicited, commanded, induced, and

19  otherwise endeavored to persuade such person to engage in such

20  conduct against Dan Franco, all in violation of Title 18, United

21  States Code, section 373.

22  COUNT FIVE:    [18 U.S.C. § 373 and 2 - Solicitation to Commit a
                        Crime of Violence and Aiding and Abetting]

23

24      The Grand Jury further charges:

25                      ROBERT C. HOLLOWAY,

26  defendant herein, as follows:

27      25.  Paragraphs 1 through 9 of Count One are hereby realleged

28  and incorporated as if fully set forth herein.

                            11

26.   On or about September 12, 2007, in the Eastern District of California, defendant ROBERT C. HOLLOWAY, with the intent that another person engage in conduct constituting a felony that has as an element the use, attempted use, or threatened use of physical force against the property or against the person of another in violation of the laws of the United States, to wit, the collection of an extension of credit by extortionate means, in violation of Title 18, United States Code, section 894, and under circumstances strongly corroborative of that intent, solicited, commanded, induced, and otherwise endeavored to persuade such person to engage in such conduct against Warren Stone, all in violation of Title 18, United States Code, sections 373 and 2.

COUNT SIX:   [18 U.S.C. §§ 892 and 2 - Making Extortionate Extensions of Credit and Aiding and Abetting]

The Grand Jury further charges:

ROBERT C. HOLLOWAY and
MICHAEL J. OROZCO,

defendants herein, as follows:

27.   Paragraphs 1 through 9 of Count One are hereby realleged and incorporated as if fully set forth herein.

28.   At all times relevant to this Indictment, defendant MICHAEL J. OROZCO, of Manteca, California, was the Chapter President of the Manteca Chapter of the Alky Haulers outlaw motorcycle club, a customer of ROAD DOG CYCLE and an associate of defendant ROBERT C. HOLLOWAY.

29.   Beginning on or about August 1, 2007, and continuing to on or about December 11, 2007, in the Eastern District of California, and elsewhere, defendants ROBERT C. HOLLOWAY and MICHAEL J. OROZCO

12

1  did unlawfully extend credit within the meaning of Title 18, United

2  States Code, section 891(6) to Josh Bell, in the amount of

3  approximately $5,000.00, with respect to which extension of credit it

4  was the understanding of said defendants-creditors and of said debtor

5  that delay in making repayment or failure to make repayment could

6  result in the use of violence or other criminal means to cause harm

7  to the person, reputation or property of said debtor, all in

8  violation of Title 18, United States Code, sections 892 and 2.

9  COUNT SEVEN:  [18 U.S.C. § 894 - Conspiracy to Collect
              Extensions of Credit By Extortionate Means]

10

11      The Grand Jury further charges:

12              ROBERT C. HOLLOWAY and
                MICHAEL J. OROZCO,

13

14  defendants herein, as follows:

15      30.  Paragraphs 1 through 9 of Count One are hereby realleged

16  and incorporated as if fully set forth herein.

17              A. THE CONSPIRACY

18      31.  Beginning on or about October 10, 2007, and continuing to

19  on or about December 17, 2007, in the Eastern District of California,

20  and elsewhere, defendants ROBERT C. HOLLOWAY and MICHAEL J. OROZCO,

21  together with others known and unknown to the grand jury, did

22  knowingly conspire, confederate and agree to participate in the use

23  of extortionate means within the meaning of Title 18, United States

24  Code, section 891(7), to collect and attempt to collect an extension

25  of credit and to punish a person for the non-repayment of an

26  extension of credit, that is, defendants ROBERT C. HOLLOWAY and

27  MICHAEL J. OROZCO, and others both known and unknown to the grand

28  jury, did unlawfully and knowingly, expressly and implicitly threaten

                        13

1  the use of violence and other criminal means to cause harm to the

2  person, reputation, and property of said debtor Josh Bell, in order

3  to collect and attempt to collect an extension of credit within the

4  meaning of Title 18, United States Code, section 891, from the said

5  debtor and to punish said debtor for the non-repayment thereof, all

6  in violation of Title 18, United States Code, sections 894(a)(1) and

7  (2).

8                          B. OVERT ACTS

9          32.   In furtherance of the conspiracy, and to effect the objects

10  and purposes of the conspiracy, the following overt acts, among

11  others, were committed in the Eastern District of California,  and

12  elsewhere:

13          a.   On or about October 10, 2007, defendants ROBERT C.

14  HOLLOWAY and MICHAEL J. OROZCO spoke via telephone and discussed

15  outlaw motorcycle club members who owed defendant ROBERT C. HOLLOWAY

16  money.

17          b.   On or about December 4, 2007, defendant ROBERT C.

18  HOLLOWAY spoke via telephone to victim Josh Bell.

19          c.   On or about December 10, 2007, defendant MICHAEL J.

20  OROZCO took possession of a motorcycle belonging to Josh Bell.

21          d.   On or about December 17, 2007, defendants ROBERT C.

22  HOLLOWAY and MICHAEL J. OROZCO spoke via telephone regarding law

23  enforcement involvement in the investigation of the motorcycle taken

24  from Josh Bell.

25  ///

26  ///

27  ///

28  ///

                              14

1    COUNT EIGHT:    [18 U.S.C. §§ 892 and 2 - Making Extortionate
                     Extensions of Credit and Aiding and Abetting]
2

3        The Grand Jury further charges:

4                        ROBERT C. HOLLOWAY and
                          BRENT F. HOLLOWAY,
5

6    defendants herein, as follows:

7        33.  Paragraphs 1 through 9 of Count One are hereby realleged

8    and incorporated as if fully set forth herein.

9        34.  Beginning on or about October 1, 2007, and continuing to on

10   or about November 20, 2007, in the Eastern District of California,

11   and elsewhere, defendants ROBERT C. HOLLOWAY and BRENT F. HOLLOWAY,

12   did unlawfully extend credit within the meaning of Title 18, United

13   States Code, section 891(6) to Carl Ellis, in the amount of

14   approximately $1,400.00, with respect to which extension of credit it

15   was the understanding of said defendants-creditors and of said debtor

16   that delay in making repayment or failure to make repayment could

17   result in the use of violence or other criminal means to cause harm

18   to the person, reputation or property of said debtor, all in

19   violation of Title 18, United States Code, sections 892 and 2.

20   COUNT NINE:  [18 U.S.C. § 894 - Conspiracy to Collect
                   Extensions of Credit By Extortionate Means]
21

22       The Grand Jury further charges:

23                       ROBERT C. HOLLOWAY and
                          BRENT F. HOLLOWAY,
24

25   defendants herein, as follows:

26       35.  Paragraphs 1 through 9 of Count One are hereby realleged

27   and incorporated as if fully set forth herein.

28

                              15

## A. THE CONSPIRACY

36.  Beginning on or about October 5, 2007, and continuing to on or about November 20, 2007, in the Eastern District of California, and elsewhere, defendants ROBERT C. HOLLOWAY and BRENT F. HOLLOWAY, together with others known and unknown to the grand jury, did knowingly conspire, confederate and agree to participate in the use of extortionate means within the meaning of Title 18, United States Code, section 891(7), to collect and attempt to collect an extension of credit and to punish a person for the non-repayment of an extension of credit, that is, defendants ROBERT C. HOLLOWAY and BRENT F. HOLLOWAY, and others both known and unknown to the grand jury, did unlawfully and knowingly, expressly and implicitly threaten the use of violence and other criminal means to cause harm to the person, reputation, and property of said debtor Carl Ellis, in order to collect and attempt to collect an extension of credit within the meaning of Title 18, United States Code, section 891, from the said debtor and to punish said debtor for the non-repayment thereof, all in violation of Title 18, United States Code, sections 894(a)(1) and (2).

## B. OVERT ACTS

37.  In furtherance of the conspiracy, and to effect the objects and purposes of the conspiracy, the following overt acts, among others, were committed in the Eastern District of California,  and elsewhere:

a.  On or about October 24, 2007, defendant BRENT F. HOLLOWAY called an associate for assistance in finding victim Carl Ellis.

16

1        b.  On or about October 25, 2007, defendant ROBERT C.

2  HOLLOWAY met with victim Carl Ellis.

3  COUNT TEN:  [18 U.S.C. § 894 - Conspiracy to Collect
                     Extensions of Credit By Extortionate Means]

5     The Grand Jury further charges:

6                  ROBERT C. HOLLOWAY and
                  ALFREDO F. RINCON,

8  defendants herein, as follows:

9     38.  Paragraphs 1 through 9 of Count One are hereby realleged

10  and incorporated as if fully set forth herein.

11     39.  At all times relevant to this Indictment, defendant ALFREDO

12  F. RINCON, of Manteca, California, was a member of the East Bay

13  Dragons outlaw motorcycle club, a customer of ROAD DOG CYCLE and an

14  associate of defendant ROBERT C. HOLLOWAY.

15                 A. THE CONSPIRACY

16     40.  Beginning on or about July 1, 2007, and continuing to on or

17  about December 17, 2007, in the Eastern District of California, and

18  elsewhere, defendants ROBERT C. HOLLOWAY and ALFREDO F. RINCON,

19  together with others known and unknown to the grand jury, did

20  knowingly conspire, confederate and agree to participate in the use

21  of extortionate means within the meaning of Title 18, United States

22  Code, section 891(7), to collect and attempt to collect an extension

23  of credit and to punish a person for the non-repayment of an

24  extension of credit, that is, defendants ROBERT C. HOLLOWAY and

25  ALFREDO F. RINCON, and others both known and unknown to the grand

26  jury, did unlawfully and knowingly, expressly and implicitly threaten

27  the use of violence and other criminal means to cause harm to the

28  person, reputation, and property of said debtor Darnell Levingston,

1   in order to collect and attempt to collect an extension of credit

2   within the meaning of Title 18, United States Code, section 891, from

3   the said debtor and to punish said debtor for the non-repayment

4   thereof, all in violation of Title 18, United States Code, sections

5   894(a)(1) and (2).

6                          B. OVERT ACTS

7       41.  In furtherance of the conspiracy, and to effect the objects

8   and purposes of the conspiracy, the following overt acts, among

9   others, were committed in the Eastern District of California, and

10  elsewhere:

11          a.  On or about September 8, 2007, defendant ROBERT C.

12  HOLLOWAY called victim Darnell Levingston.

13          b.  On or about September 8, 2007, defendant ROBERT C.

14  HOLLOWAY called defendant ALFREDO F. RINCON.

15          c.  On or about December 15, 2007, defendant ROBERT C.

16  HOLLOWAY called victim Darnell Levingston.

17  COUNT ELEVEN:    [18 U.S.C. §§ 371 and 2321 - Conspiracy to Traffic
                      in Certain Motor Vehicles or Certain Motor
18                    Vehicle Parts]

19      The Grand Jury further charges:

20                      ROBERT C. HOLLOWAY,
                        BRENT F. HOLLOWAY,
21                      ALFREDO F. RINCON, and
                        RAY M. HEFFINGTON,
22

23  defendants herein, as follows:

24      42.  Paragraphs 1 through 9 of Count One are hereby realleged

25  and incorporated as if fully set forth herein.

26      43.  At all times relevant to this Indictment, defendant RAY M.

27  HEFFINGTON was the Hells Angels outlaw motorcycle club Merced Chapter

28

                              18

President, and a customer of ROAD DOG CYCLE and an associate of defendant ROBERT C. HOLLOWAY.

## A. THE CONSPIRACY

44. Beginning at a time unknown but no later than on or about August 3, 2006, and continuing to on or about December 4, 2007, defendants ROBERT C. HOLLOWAY, BRENT F. HOLLOWAY, ALFREDO F. RINCON, RAY M. HEFFINGTON, Daniel Dugranrut, and others both known and unknown to the grand jury, did knowingly and intentionally combine, conspire, confederate, and agree with each other, and with other persons known and unknown to the grand jury, to traffic in certain motor vehicles or motor vehicle parts, in violation of Title 18, United States Code, sections 371 and 2321.

## B. MANNER AND MEANS OF THE CONSPIRACY

45. Defendants ROBERT C. HOLLOWAY, BRENT F. HOLLOWAY, ALFREDO F. RINCON, RAY M. HEFFINGTON, Daniel Dugranrut, and others, implemented the conspiracy through the following manner and means:

a. An individual approached defendant ROBERT C. HOLLOWAY and BRENT F. HOLLOWAY and inquired about purchasing a stolen motorcycle so he could participate as a prospective member in the Hells Angels outlaw motorcycle gang.

b. Defendants ROBERT C. HOLLOWAY and BRENT F. HOLLOWAY assisted the individual in obtaining a motorcycle.

c. Defendant RAY M. HEFFINGTON acquired stolen motorcycle parts to assemble the motorcycle and delivered the stolen parts to ROAD DOG CYCLE.

d. Defendant ALFREDO F. RINCON assisted defendants ROBERT C. HOLLOWAY and BRENT F. HOLLOWAY in procuring the stolen motorcycle parts and in assembling the motorcycle.

19

## C. OVERT ACTS

46.  In furtherance of the conspiracy, and to effect the objects and purposes of the conspiracy, the following overt acts, among others, were committed in the Eastern District of California,  and elsewhere:

a.  On or about June 21, 2007, defendant ROBERT C. HOLLOWAY discussed with an individual the purchase by the individual of a stolen motorcycle.

b.  On or about June 25, 2007, defendant ROBERT C. HOLLOWAY discussed the motorcycle with the individual.

c.  On or about June 29, 2007, defendant ROBERT C. HOLLOWAY called the individual.

d.  On or about June 29, 2007, the individual paid defendant ROBERT C. HOLLOWAY a sum of money toward the purchase of the motorcycle.

e.  On or about June 29, 2007, defendant RAY M. HEFFINGTON delivered stolen motorcycle parts to ROAD DOG CYCLE.

f.  On or about July 3, 2007, the individual paid defendant ROBERT C. HOLLOWAY the balance for the purchase of the motorcycle.

g.  On or about October 10, 2007, defendant ALFREDO F. RINCON gave possession of the motorcycle assembled with stolen parts to the individual.

All in violation of Title 18, United States Code, sections 371 and 2321.

///
///
///
///

20

COUNT TWELVE:    [18 U.S.C. § 371 - Conspiracy]

The Grand Jury further charges:

ROBERT C. HOLLOWAY,
REYNALDO W. SOTELO, and
FREDRICK A. NOREBERG,

defendants herein, as follows:

47.    Paragraphs 1 through 9 of Count One are hereby realleged and incorporated as if fully set forth herein.

48.    At all times relevant to this Indictment, defendant REYNALDO W. SOTELO was the former Chief Executive Officer of Indian Motorcycles, and was an associate of defendant ROBERT C. HOLLOWAY.

49.    At all times relevant to this Indictment, defendant FREDRICK A. NOREBERG was a resident of Sweden and was the Chapter President of the Red Devils outlaw motorcycle club in Sweden. At all times relevant to this Indictment, defendant FREDRICK A. NOREBERG was a customer of ROAD DOG CYCLE and an associate of defendant ROBERT C. HOLLOWAY.

A. THE CONSPIRACY

50.    Beginning at a time unknown but no later than on or about September 21, 2007, and continuing to on or about November 2, 2007, defendants ROBERT C. HOLLOWAY, REYNALDO W. SOTELO, FREDRICK A. NOREBERG, and others both known and unknown to the grand jury, did knowingly and intentionally combine, conspire, confederate, and agree with each other, and with other persons known and unknown to the grand jury, to commit the following offenses against the United States:

a) To traffic in certain motor vehicles or motor vehicle parts, in violation of Title 18, United States Code, sections 371 and 2321, and

21

1    b) To fraudulently or knowingly export or send from the

2    United States, or attempt to export or send from the United States,

3    merchandise, to wit, a motorcycle, contrary to any law or regulation

4    of the United States, in violation of Title 18, United States Code,

5    sections 371 and 554.

6    <u>B.    MANNER AND MEANS OF THE CONSPIRACY</u>

7        51.    Defendants ROBERT C. HOLLOWAY, REYNALDO W. SOTELO and

8    FREDRICK A. NOREBERG implemented the conspiracy through the following

9    manner and means:

10        a.    Defendant ROBERT C. HOLLOWAY would assist defendant

11    FREDRICK A. NOREBERG in obtaining a motorcycle with a fictitious VIN

12    for export to Sweden.

13        b.    Defendant REYNALDO W. SOTELO would assist defendants

14    ROBERT C. HOLLOWAY and FREDRICK A. NOREBERG in the export of this

15    motorcycle by supplying false Manufacture Statements of Origin and a

16    false VIN.

17    <u>C. OVERT ACTS</u>

18        52.    In furtherance of the conspiracy, and to effect the objects

19    and purposes of the conspiracy, the following overt acts, among

20    others, were committed in the Eastern District of California,  and

21    elsewhere:

22        a.    On or about October 17, 2007, defendant ROBERT C.

23    HOLLOWAY discussed with defendants REYNALDO W. SOTELO and FREDRICK A.

24    NOREBERG the alteration of the VIN and the concealment of the true

25    manufacturer of a motorcycle that they were planning on shipping from

26    the United States to Sweden.

27        b.    On or about October 19, 2007, defendant ROBERT C.

28    HOLLOWAY discussed the motorcycle with defendant REYNALDO W. SOTELO.

c.  On or about October 21, 2007, defendant FREDRICK A. NOREBERG obtained the motorcycle with the tampered VIN from defendant ROBERT C. HOLLOWAY.

d.  On or about October 30, 2007, defendant ROBERT C. HOLLOWAY spoke to defendant REYNALDO W. SOTELO about defendant REYNALDO W. SOTELO's interview with law enforcement about the counterfeit motorcycle.

All in violation of Title 18, United States Code, sections 371, 2321 and 554.

COUNT THIRTEEN: [18 U.S.C. §§ 371 and 2322 - Conspiracy to Operate a Chop Shop]

The Grand Jury further charges:

ROBERT C. HOLLOWAY,
BRENT F. HOLLOWAY,
ALFREDO F. RINCON,
JOSEPH S. TYLER, and
RAY M. HEFFINGTON,

defendants herein, as follows:

53.  Paragraphs 1 through 17 of Count One, and paragraphs 19 and 20 of Count Two, are hereby realleged and incorporated as if fully set forth herein.

54.  At all times relevant to this Indictment, defendant JOSEPH S. TYLER was a peace officer employed by the California Highway Patrol (CHP) and served as an officer assigned to Merced County, and was subsequently employed as a Deputy by the Merced County Sheriff's Department.  At all times relevant to this Indictment, defendant JOSEPH S. TYLER was an associate of defendant ROBERT C. HOLLOWAY.

55.  At all times relevant to this Indictment, defendant RAY M. HEFFINGTON was a member of the Hells Angels outlaw motorcycle club

23

1    and was the Chapter President of the Merced Chapter of the Hells

2    Angels outlaw motorcycle club.

3                              A. THE CONSPIRACY

4        56.   Beginning at a time unknown but no later than on or about

5    March 1, 2003 and continuing to on or about March 1, 2008, in the

6    Eastern District of California, defendants ROBERT C. HOLLOWAY, BRENT

7    F. HOLLOWAY, ALFREDO F. RINCON, JOSEPH S. TYLER, RAY M. HEFFINGTON

8    and Daniel Dugranrut, did knowingly and intentionally combine,

9    conspire, confederate, and agree with each other, and with other

10   persons known and unknown to the grand jury, to conduct operations in

11   a chop shop, to wit, ROAD DOG CYCLE, located at 4600 Main Street,

12   Denair, California, in violation of Title 18, United States Code,

13   sections 371 and 2322.

14                  B. MANNER AND MEANS OF THE CONSPIRACY

15       57.   Defendants ROBERT C. HOLLOWAY, individually and dba ROAD

16   DOG CYCLE, BRENT F. HOLLOWAY, ALFREDO F. RINCON, JOSEPH S. TYLER, RAY

17   M. HEFFINGTON and Daniel Dugranrut, implemented the conspiracy

18   through the following manner and means:

19            a.   Defendants ROBERT C. HOLLOWAY and BRENT F. HOLLOWAY

20   would operate the day-to-day business of ROAD DOG CYCLE.  As part of

21   that business, defendants ROBERT C. HOLLOWAY and BRENT F. HOLLOWAY

22   would buy, receive, possess, or obtain control of, stolen motorcycles

23   and stolen motorcycle parts.  Also as part of the operation of ROAD

24   DOG CYCLE, defendants ROBERT C. HOLLOWAY and BRENT F. HOLLOWAY would

25   receive, conceal, destroy, disassemble, dismantle, reassemble and

26   store motorcycles and motorcycle parts which had been unlawfully

27   obtained in order to alter, counterfeit, deface, destroy, disguise,

28   falsify, forge, obliterate and remove the identity, including the VIN

                                    24

1  or derivative thereof, of such motorcycle or motorcycle part, and
2  distribute, sell or dispose of such motorcycle or motorcycle part in
3  interstate or foreign commerce.
4         b.  Defendant ALFREDO F. RINCON would assist defendants
5  ROBERT C. HOLLOWAY and BRENT F. HOLLOWAY in receiving, concealing,
6  destroying, disassembling, dismantling, reassembling and storing
7  motorcycles and motorcycle parts at ROAD DOG CYCLE and elsewhere.
8         c.  Defendant JOSEPH S. TYLER would assist defendants
9  ROBERT C. HOLLOWAY and BRENT F. HOLLOWAY in the operation of the chop
10 shop at ROAD DOG CYCLE by checking on stolen motorcycle parts through
11 law enforcement databases and informing defendants ROBERT C. HOLLOWAY
12 and BRENT F. HOLLOWAY whether such parts were stolen, and by failing
13 to report the stolen parts to law enforcement.
14        d.  Defendant RAY M. HEFFINGTON would assist defendants
15 ROBERT C. HOLLOWAY and BRENT F. HOLLOWAY in the operation of the chop
16 shop at ROAD DOG CYCLE by procuring stolen motorcycle parts and
17 taking those parts to ROAD DOG CYCLE and/or the residence of ROBERT
18 C. HOLLOWAY to be assembled into motorcycles to be sold by ROAD DOG
19 CYCLE.
20              C.  OVERT ACTS
21    58.  For the purpose of carrying out said conspiracy and to
22 effect the objects thereof, the following overt acts, among others,
23 were committed by the defendants within the State and Eastern
24 District of California and elsewhere:
25        a.  On or about June 26, 2007, defendant ROBERT C. HOLLOWAY
26 discussed with another individual the sale of a stolen motorcycle to
27 the other individual by defendant ROBERT C. HOLLOWAY, dba ROAD DOG
28 CYCLE.

b.    On or about June 28, 2007, an individual discussed with defendant BRENT F. HOLLOWAY how to alter a VIN on a motorcycle so that law enforcement would be unable to recover the original VIN.

c.    On or about June 29, 2007, defendant RAY M. HEFFINGTON delivered stolen motorcycle parts to ROAD DOG CYCLE.

d.    On or about September 20, 2007, an individual, based upon a law enforcement source, alerted defendant ROBERT C. HOLLOWAY about a possible search warrant that was to be executed at ROAD DOG CYCLE.

e.    On or about September 20, 2007, defendant ROBERT C. HOLLOWAY spoke to defendant JOSEPH S. TYLER about checking on a stolen motorcycle engine in the possession of defendant ROBERT C. HOLLOWAY at ROAD DOG CYCLE.

f.    On or about September 20, 2007, defendant JOSEPH S. TYLER spoke to defendant ROBERT C. HOLLOWAY to inform him that a motorcycle engine in the possession of defendant ROBERT C. HOLLOWAY at ROAD DOG CYCLE had been stolen.

g.    On or about December 3, 2007, an individual spoke to defendant ROBERT C. HOLLOWAY about the possibility that an individual may be a government informant and that defendant ROBERT C. HOLLOWAY needed to be careful around that individual.

All in violation of Title 18, United States Code, sections 371 and 2322.

///
///
///
///
///

26

COUNT FOURTEEN: [18 U.S.C. §§ 2322 and 2 - Operation of a Chop Shop
                 and Aiding and Abetting]

    The Grand Jury further charges:

                            ROBERT C. HOLLOWAY,
                            BRENT F. HOLLOWAY,
                            ALFREDO F. RINCON,
                            JOSEPH S. TYLER, and
                            RAY M. HEFFINGTON,

defendants herein, as follows:

    59.    Paragraphs 1 through 17 of Count One, and paragraphs 19 and
20 of Count Two, and paragraphs 53 through 58 of Count 13, are hereby
realleged and incorporated as if fully set forth herein.

    60.    Beginning at a time unknown but no later than on or about
March 1, 2003 and continuing to on or about March 1, 2008, in the
Eastern District of California, defendants ROBERT C. HOLLOWAY, BRENT
F. HOLLOWAY, ALFREDO F. RINCON, JOSEPH S. TYLER and RAY M.
HEFFINGTON, knowingly owned, operated, maintained, or controlled a
chop shop, or conducted operations in a chop shop, and aided and
abetted the same, all in violation of Title 18, United States Code,
sections 2322 and 2.

RICO FORFEITURE ALLEGATION: [18 U.S.C. 1963]

    The Grand Jury further charges defendants herein as follows:

    61.    The allegations contained in Counts 1 and 2 of this
Indictment are hereby repeated, realleged, and incorporated by
reference herein as though fully set forth at length for the purpose
of alleging forfeiture pursuant to the provisions of Title 18, United
States Code, Section 1963. Pursuant to Rule 32.2, Fed. R. Crim. P.,
notice is hereby given to the defendants that the United States will
seek forfeiture as part of any sentence in accordance with Title 18,

27

1   United States Code, Section 1963 in the event of any defendant's
2   conviction under Counts 1 and 2 of this Indictment.

3       62.    The defendant ROBERT C. HOLLOWAY has an interest in real
4   property which afford a source of influence over the enterprise named
5   and described herein which the defendants established, operated,
6   controlled, conducted, and participated in the conduct of, in
7   violation of Title 18, United States Code, Section 1962, which
8   interests, securities, claims, and rights are subject to forfeiture
9   to the United States pursuant to Title 18, United States Code,
10  Section 1963 (a)(2).

11      63.    The interests of the defendant subject to forfeiture to the
12  United States pursuant to Title 18, United States Code, Section
13  1963(a)(2), includes but is not limited to:

14          Real property located at 4600/4616 Main Street, Denair,
            California, APN:024-026-032, including all appurtenances
15          and improvements thereto.

16

17      64.    If any property subject to forfeiture as a result of the
18  offenses alleged in Counts 1 and 2 herein:

19      (1)   cannot be located upon the exercise of due diligence;
20      (2)   has been transferred or sold to, or deposited with, a
21            third person;
22      (3)   has been placed beyond the jurisdiction of the Court;
23      (4)   has been substantially diminished in value; or
24      (5)   has been commingled with other property which cannot be
25            subdivided without difficulty;

26  it is the intent of the United States, pursuant 18 U.S.C. § 1963(m)
27  to seek forfeiture of any other property of said defendant up to the
28

                                28

1   value of the property subject to forfeiture.   All pursuant to Title

2   18, United States Code, Section 1963.

3   GENERAL FORFEITURE ALLEGATION

4        64.   The allegations contained in Counts 6 through 12 of this

5   Indictment are hereby repeated, realleged, and incorporated by

6   reference herein as though fully set forth above for the purpose of

7   alleging forfeiture pursuant to the provisions of Title 18, United

8   States Code, Section 981(a)(1)(C) and Title 28, United States Code,

9   Section 2461(c).  Upon conviction of the offenses in violation of

10  Title 18, United States Code, Sections 892, 894 and 2321 set forth in

11  Counts 6-12 of this Indictment, the defendants ROBERT C. HOLLOWAY,

12  BRENT F. HOLLOWAY, MICHAEL OROZCO, ALFREDO F. RINCON and RAY

13  HEFFINGTON, shall forfeit to the United States of America, pursuant

14  to Title 18, United States Code, Section 981(a)(1)(C) and Title 28,

15  United States Code, Section 2461(c), any property, real or personal,

16  which constitutes or is derived from proceeds traceable to the

17  offenses.

18       65.   If any property subject to forfeiture as a result of the

19  offenses alleged in 6-12 of this Indictment herein:

20       (1)   cannot be located upon the exercise of due diligence;

21       (2)   has been transferred or sold to, or deposited with, a

22             third person;

23       (3)   has been placed beyond the jurisdiction of the Court;

24       (4)   has been substantially diminished in value; or

25       (5)   has been commingled with other property which cannot be

26             subdivided without difficulty;

27  it is the intent of the United States, pursuant to 18 U.S.C. §

28  981(a)(1)(C) and 28 U.S.C. § 2461(c), incorporating 21 U.S.C. §

                                    29

1 | 853(p) to seek forfeiture of any other property of said defendants up

2 | to the value of the property subject to forfeiture.

3 |                                              A TRUE BILL

4 |

5 |                                              FOREPERSON

6 | MCGREGOR W. SCOTT

7 | United States Attorney

8 | By

9 |

   | MARK E. CULLERS

10 | Assistant United States Attorney

   | Chief, Fresno Office

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

30

AO 257 (Rev. 10/95)

PER 18 U.S.C 3170

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION -- IN U.S. DISTRICT COURT

By ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT

Name of District Court, and/or Judge/Magistrate Location (city)

**EASTERN DISTRICT OF CALIFORNIA**
**FRESNO, CALIFORNIA**

### OFFENSE CHARGED
**PLEASE SEE INDICTMENT**

___ Petty
___ Minor
___ Misde-meanor
_X_ Felony

**DEFENDANT -- U.S. vs.**

▶ **REYNALDO W. SOTELO**

Address {

Place of Offense

**Stanislaus County**

U.S.C. Citation
Please see indictment.

Birth Date _____ _X_ Male ___ Alien
___ Female (if applicable)

(Optional unless a juvenile)

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

☐ **SA NATE ELIAS/FBI**

☐ this person is awaiting trial in another Federal or State Court, give name of court.

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y ☐ Defense

} SHOW DOCKET NO:

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceeding or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

MAGISTRATE CASE NO.

### DEFENDANT

**IS _NOT_ IN CUSTODY**

1) ☒ Has not been arrested, pending outcome this proceeding if not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction ☐ Fed'l ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed? ___ Yes ___ No
If "Yes" give date

DATE OF ARREST ▶ Mo. Day Year

Or ... if arresting Agency & Warrant were not Federal

DATE TRANSFERRED TO U.S. CUSTODY ▶ Mo. Day Year

Name and Office of Person Furnishing Information on

THIS FORM **NORA A. McBRIDE**

_X_ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y **MARK E. CULLERS**

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

**PENALTIES:**

**DEFN. BAIL STATUS:. PLEASE ISSUE NO BAIL WARRANT**

## PENALTY SLIP

**DEFENDANT:**    **REYNALDO W. SOTELO**

**VIOLATIONS:**    18 U.S.C. § 371 - Conspiracy

**PENALTIES:**    18/371 – Conspiracy:  5 years/$250,000

**VIOLATIONS:**    18 U.S.C. 1963, 18 U.S.C. §981(a)(1)(C) and 28 U.S.C. 2461 - Criminal Forfeiture

# SEALED

**WARRANT OF ARREST**
**UNITED STATES DISTRICT COURT**

**INSTRUCTIONS:** Forward copies Number 1 AND 2 intact to the US Marshal. Forward copy Number 3 to US Attorney's office. Retain number 4 copy. If applicable, use Number 4 copy to withdraw warrant. After completion of return, US Marshal will distribute copies Number 1 through 3 as appropriate.

| Name of Person<br>REYNALDO W. SOTELO | DISTRICT OF ISSUE<br>EASTERN DISTRICT OF<br>CALIFORNIA | Docket Number<br>1:08 CR  00224LJO |
|---|---|---|

**REASON FOR WARRANT**

☐ Indictment        ☐ Information        ☐ OTHER (SPECIFY)

| 18 USC § 1962 & other<br>counts | Racketeering | NO BAIL |
|---|---|---|
| Date: 7/10/08 | DEPUTY CLERK:<br>C. ESTEVES | Signature of issuing<br>official |

**TO: ANY US MARSHAL OR ANY OTHER AUTHORIZED OFFICER**

☐ You are hereby commanded to arrest the above named person and bring this individual forthwith before the nearest available United States Court or (if applicable) before the nearest United States Magistrate in the arresting district to answer the above stated charge(s) in the indictment or information.

**THE US MARSHAL IN THE DISTRICT OF ARREST IS HEREBY FURTHER AUTHORIZED AND COMMANDED TO TAKE CUSTODY OF THE ABOVE NAMED PERSON. IF AFTER BRINGING THE PERSON BEFORE ANY APPLICABLE JUDICIAL OFFICER IN THE MANNER INDICATED ABOVE, THE INDIVIDUAL FAILS TO FURNISH BAIL FOR APPEARANCE PER ORDERS AND DIRECTIONS OF SUCH JUDICIAL OFFICER, THE US MARSHAL IS AUTHORIZED AND COMMANDED TO KEEP SAFELY THIS INDIVIDUAL UNTIL DISCHARGED IN DUE COURSE OF LAW.**

**RETURN**

I certify I executed this warrant and such other order directed herein as shown below.

| Date Received | Arresting Agency (if<br>not US Marshal) | Signature of Arresting<br>Agent (if not US<br>Marshal) |
|---|---|---|
| Date Committed | Place of Confinement | ☐ Executed<br>☐ Unexecuted<br>☐ Withdrawn |
| Date of Return | Name of US Marshal | Signature of US Marshal<br>or Deputy |

COPY NUMBER 1 - ACTION COPY;  COPY NUMBER 2 - CONFINEMENT AGENCY COPY
COPY NUMBER 3 - US ATTORNEY COPY /  COPY NUMBER 4 - CLERKS OFFICE COPY